**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GENERAL MOTORS LLC,** | **Civil Action No. 1:26-cv-05614** |
| Plaintiff, | |
| v. | **Hon. Mary M. Rowland** |
| **THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | |
| Defendant. | |

**DEFENDANT NO. 3 DURCOO'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ENTRY OF A PRELIMINARY INJUNCTION**

Defendant No. 3 Durcoo ("Defendant") hereby requests that Plaintiff's Motion for Entry of Preliminary Injunction (Dkt. No. 34-35) be denied with respect to the asset restraint and states as follows:

## I.      INTRODUCTION

Defendant's entire Amazon account with approximately $315,965.56 has been frozen despite accused product sales of only $52. (Zhou Decl. at ¶7, Ex. 1, Ex. 2). Due to the minimal value of the accused products to Defendant's business, Defendant is not contesting the preliminary injunction with respect to the accused products. However, Defendant is strenuously contesting the extremely excessive asset restraint.

The amount of assets retrained is excessive because the basis of the asset restraint ("an equitable accounting of Defendant's profits") would merit no more than $52 in restrained assets. An asset restraint that freezes Defendant's entire account does not keep the status quo and instead prevents Defendant from accessing funds to operate its business. If an asset restraint is granted, it should be substantially reduced to Defendant's maximum profits of $52.

1

Further, the Court should decline to enter the asset restraint because service was improper in light of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 2026 WL 1502198. Defendant was not properly served as Plaintiff has not sent this case for service under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention").

## II. STATUS OF THE CASE

Plaintiff filed its Complaint on May 14, 2026, alleging that Defendant committed trademark infringement, counterfeiting, and false designation of origin, and filed an *Ex Parte* Motion for Entry for a Temporary Restraining Order, which the Court granted on May 20, 2026. (Dkt. Nos. 1, 15, 24). Plaintiff then filed its Motion for Preliminary Injunction on June 8, 2026. (Dkt. No. 34).

## III. STATEMENT OF FACTS

Defendant is located in China. (Zhou Decl. at ¶¶1, 4). Defendant sold 4 units of the accused product for total sales of $52. (Zhou Decl. at ¶6, Ex. 1). As of June 10, 2026, the restrained balance of Defendant was $ 316,084. (Zhou Decl. at ¶7, Ex. 2). Defendant is unable to access any funds because of the asset restraint. (Zhou Decl. at ¶¶8-9)

Defendant does not work with any of the other defendants in this case and contests the joinder of all the defendants. (Zhou Decl. at ¶11).

## IV. ARGUMENT

Because of the minimal sales, Defendant is not disputing an injunction for the Accused Product, as it has only sold seven of the accused product, and it is not worth the effort of fighting a preliminary injunction. However, the amount restrained of $ 316,084 is extremely excessive in view of the total accused sales of $52. The asset restraint should be limited to Defendant's profits from $52 of sales of the accused product, which would be a maximum of $52.

2

**A.      The Asset Freeze Should be Reduced or Lifted Because Defendant's Profits on $52 in Sales are at most $52.**

Plaintiff is attempting to use the asset freeze to leverage Defendant to reach a substantial settlement based on the amount of money restrained rather than the alleged harm. The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable remedies. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).   Here, Plaintiff requested an asset restraint to allow Plaintiff's to make an equitable accounting of Defendant's profits.  With sales of only $52 (Zhou Decl. at ¶6; Ex. 1), Defendant's maximum profits are $52, which should be the limit of the amount restrained.

Here, Plaintiff requested an asset restraint to allow Plaintiff's to make an equitable accounting of Defendant's profits but then goes on further to say that the goal is to ensure Defendant's compliance. (Dkt. No. 16 at 11). Plaintiff does not make arguments about what the proper amount restrained would be, only that it should be enough to ensure compliance without any connection to the accused products. However, in *Grupo Mexicano*, the Supreme Court held that a district court has "no authority to issue a preliminary injunction preventing [a defendant] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages." *Id*. at 333. The Supreme Court adhered to the long-standing rule that "a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id*. at 321. "A 'court may not enter a preliminary injunction simply to safeguard [a defendant's] assets in the event that [defendant is] ultimately held liable on these claims.'" *Spin Master v. Aciper*, No. 19-CV-6949 (VSB), 2020 WL 6482878, at *3 (S.D.N.Y. Nov. 4, 2020) (*quoting Dong v. Miller*, No. 16-CV-5836 (NGG) (JO), 2018 WL 1445573, at *9 (E.D.N.Y. Mar. 23, 2018)).

Defendant sold seven items for a total of $52, which does not justify an unlimited asset restraint of Defendant's entire Amazon account of over $316,084. Freezing the entirety of Defendant's Amazon account denies Defendant the right to dispose of its assets pending adjudication of the trademark infringement claim. Therefore, the amount restrained in Defendant's accounts should be eliminated or substantially reduced to the Defendant's profits of at most $52.

**B.      Defendant Has Appeared in this Action.**

The fact that Defendant has appeared in this action is another reason that the freeze on its assets should be dissolved. As noted by another judge in a "Schedule A" case it is not appropriate to maintain a broad asset freeze after defendants have appeared and are participating in the case:

> THE COURT: Now that these Defendant have appeared and they're in the case, why should I keep their assets frozen at all?
> …
>
> Ultimately, the restraint of assets is to preserve a remedy of an accounting. An accounting can happen from looking at records. I don't know why you need to freeze assets once the Defendant are in the case and participating.
> …
>
> [T]he asset restraint is not designed to make it easier for [the plaintiff] to collect an award. I am vacating the asset restraint as to all of these Defendant at issue in these motions. I just don't think it makes sense to freeze their accounts, and it certainly doesn't make sense for me to enforce the really overbroad language of the asset restraint that admittedly I signed. But I don't think it's appropriate anymore now that these Defendant are here and in the case.

*Manchester United Football Club Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:24-cv-05692, ECF No. 61, 8/28/24 Hr'g Tr. 4:8–8:17 (N.D. Ill. Aug. 28, 2024).

In Plaintiff's motion requesting an asset restraint, it does not provide evidence detailing how Defendant No. 3 Durcoo will not participate in the case, because there is none. Defendant is based in the China and sells its products on Amazon.com. Defendant retained U.S. counsel in this District when it was informed of the lawsuit and has been a participant in the suit since that time.

4

While there may be defendants who are fly-by-night stores that will close their doors and stop communicating with their U.S. counsel or Plaintiff's counsel, Defendant is not such an entity. Defendant conducts significant business within the United States as evidenced by the large sums held in its marketplace account (Zhou Decl. at ¶7) and has retained U.S. counsel in this District to defend this action so it may continue doing business uninterrupted on Amazon.com selling non-accused products which comprise most of its business. *See, e.g.*, *Collegiate Licensing Company, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:24-cv-06219, ECF No. 22 (N.D. Ill. Sept. 13, 2024) (Kness, J.) ("That other Defendant in similar cases have attempted to evade liability does not mean that Defendant in this case will too, and in any event, the applicable Rule might not permit Plaintiff's request to proceed ex parte."); *Jiangsu Huari Webbing Leather Co., Ltd. v. Joes Identified in Schedule A,* No. 1:23-cv-02605-JLR, ECF No. 60, Tr. at 61:21–62:15, 64:1–10 (S.D.N.Y. May 8, 2023) ("Even if . . . [the Defendant] were foreign entities, the threat that plaintiff seeks to avoid that Defendant will somehow dissipate their assets to avoid enforcement of a judgment is speculative at best. Here, we have three Defendant who have shown up here that do not fit that mold; and, in any event, that is precisely a basis that courts have held insufficient to justify an attachment, especially the broad one that has been requested here and is apparently being effectuated by Amazon.")).

Being unable to access its funds substantially impacts Defendant's liquidity, not to mention their ability to continue operations, so they are being suffocated. (Zhou Decl. at ¶¶8-9). In fact, the funds represent the Defendant's lifeline, now severed. (*Id.*). This defines "irreparable harm." *See Win Win Aviation, Inc. v. Richland Cnty., S.C. Sheriff's Dep't*, No. 15-cv-50051, 2015 U.S. Dist. Lexis 32026 at *4 (N.D. Ill. Mar. 16, 2015) ("if plaintiff's business was no longer able to continue as a result . . . that would qualify as irreparable harm.").

Furthermore, the bond amount of $63,000 is far too small for the substantial damages that result if the preliminary injunction and asset restraints are wrongly entered because they effectively shut down Defendant's store. With over $316,084 restrained in Defendant's account and Defendant being prevented from accessing any of its funds to run its business, the potential damages for the asset restraint are substantially more than the $63,000 bond. The bond by Plaintiff posted solely with respect to Defendant should be increased to at least the restrained amount of $316,084.

If the Court continues the asset restraint, the Court should increase the bond posted by Plaintiff to at least $316,084 to protect Defendant for its substantial damages due to the asset restraint in the event the Court finds that the injunction was unnecessary.

### C. Defendants were not properly served.

The Court should also decline to enter the preliminary injunction because service was improper in view of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 2026 WL 1502198 (May 29, 2026). Defendant is in China (Zhou Decl. at ¶¶1, 4), which is a member of the Hague Convention. Recently the 7th Circuit held that service by email violated the Hague Convention. *Kangol*, 2026 WL 1502198 at *1. For alternative service that would be prohibited by the Hague Convention, Defendant is required to show "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address before deeming the defendant's address unknown." *See id.* at *4. Plaintiff made *no* effort to ascertain or verify Defendant's address and instead relies on generic allegations and past experience.

Plaintiff's motion details that "An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store." (Dkt. No. 22 at ¶3). Rather than actually investigate, Plaintiff's declaration merely contends that "[i]n my over ten years of in anti-

counterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate." (Dkt. No. 22 at ¶2). There is no explanation of why Plaintiff was unable to determine Defendant No. 3 Durcoo's address, which is displayed on its Amazon store webpage, or why the documents could not be served according to the Hague Convention as required by the 7th Circuit.

## Durcoo

Visit the Durcoo storefront

★★★½☆ | **62% positive** in the last 12 months (330 ratings)

### Return & Refund Policies

To get information about the Return and Refund policies that may apply, please

To initiate a return, visit Amazon's Online Return Center to request a return auth

For any issues with your return, if the product was shipped by the seller, you can

### Amazon's A-to-z Guarantee

The Amazon A-to-z Guarantee protects you when you purchase items sold and f report the problem to us and our team will determine if you are eligible for a ref

See full details

### Detailed Seller Information

**Business Name:** ning zhou
**Business Address:**
   浦阳街道太白路24-1号
   福全里二区46号
   浦江县
   浙江省
   322200
   CN

7

(https://www.amazon.com/sp?ie=UTF8&seller=A8AM0HT6MG7RS&asin=B000KA2MIS&ref _=dp_merchant_link). In other words, Plaintiff made no effort to ascertain or verify Defendant's address.

Further, Plaintiff has only served the documents via email, which the 7th Circuit has held is improper service to China under the Hague Convention. Thus, Plaintiff has improperly served Defendants the complaint and all other documents in this case, and the Preliminary injunction should be denied on these grounds.

## CONCLUSION

For the reasons discussed above, Defendant No. 3 Durcoo respectfully requests the Court deny Plaintiff's preliminary injunction as to an asset restraint, or alternatively reduce the amount restrained in the Defendant's Amazon Account to $52 and increase the bond to $316,084.

June 23, 2026                                  Respectfully Submitted,

                                               _/s/ Steven G. Kalberg_
                                               David R. Bennett
                                               Steven G. Kalberg
                                               Direction IP Law
                                               P.O. Box 14184
                                               Chicago, IL 60614-0184
                                               (312) 291-1667
                                               dbennett@directionip.com
                                               skalberg@directionip.com

                                               _Attorneys for Defendant No. 3 Durcoo_

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Steven G. Kalberg*
Steven G. Kalberg